SCHOOL DISTRICT No. 29, BOURBON COUNTY, v. C. O. PERKINS.

1. SCHOOL-DISTRICT BOARD; *Want of Power.* Under the laws of 1868, a school-district board has no power to bind the district by a contract to purchase a stereoscope and stereoscopic views, without a prior affirmative vote of the inhabitants, qualified to vote at a school meeting, lawfully assembled.

2. CONTRACT; *Burden of Proof.* In an action against a school district upon such a contract, the burden of proof is on the plaintiff to establish the fact of such a vote; and proof of the making of the contract by the board, is no evidence of the fact of the vote.

*Error from Bourbon District Court.*

AT the September Term, 1876, of the district court, *Perkins* had judgment against *School District No. 29, Bourbon county,* for $68.50, and costs. New trial denied, and the defendant brings the case here for review. The facts appear in the opinion.

*Hill & Sallee,* and *Eugene F. Ware,* for plaintiff in error.

*Harris & Spencer,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action by C. O. Perkins against School District No. 29, Bourbon county, on a certain paper writing, in words and figures, to wit:

STATE OF KANSAS, } ss.
BOURBON COUNTY, }                                    JULY 17, 1873.

M. V. Colt and A. Goucher, school directors of district No. 29, township of Drywood, county of Bourbon and state of Kansas, bought of Chaplin, Colton & Co., one of their "Wonders of the World," comprising one book, one stereoscope, and one hundred stereoscopic illustrations, at the cost of fifty-eight dollars, to be paid on or before the first day of May, 1875, with interest at the rate of six per cent., payable at the First National Bank, Fort Scott, Kansas.

(Signed)                                   M. V. COLT, *Director.*
                                           A. GOUCHER, *Clerk.*

On the back of said paper writing there was the following receipt, to wit:

DRYWOOD TOWNSHIP, Oct. 21, 1873.

This is to certify that the within-described school fixtures were received by me, one of the board of school directors of school district No. 29, all in good order.

(Signed)                              M. V. COLT.

And also an indorsement from Chaplin, Colton & Co.

The action was commenced before a justice of the peace, appealed to the district court, where a judgment was rendered in favor of the plaintiff, and the school district now brings its petition in error.

Upon this record it is insisted by the plaintiff in error that without a vote of the district, at a regularly called school meeting, the district board has no power to bind the district by such a contract. This claim we think is correct. The powers of a district board are defined in article 4 of chapter 92 of the General Statutes. Section 46 of that article (Gen. Stat., p. 925) is referred to by counsel as granting such a power, but we cannot so construe the section. It reads: "The district board shall provide the *necessary appendages for the school house* during the time a school is taught therein." Now a stereoscope, however valuable or useful it may be in a school, can in no proper sense of the term be called an appendage for a school house. It may be difficult to state exactly what is meant by and included in this phrase, "appendages for the school house." It would seem to refer to things connected with the building or designed to render it suitable for use as a school house. But without attempting to define the exact scope of the phrase, it is plain that no reasonable interpretation would enlarge it so as to include a stereoscope and stereoscopic views, which, if not the "toy boy and pictures," as counsel sneeringly call them, are at most but mere apparatus. And provision is elsewhere made for supplying the school with "blackboards, outline maps and apparatus." Section 19 of said chapter provides that a school-district meeting, lawfully assembled,

shall have power to vote a tax for supplying the school house with those conveniences. Only upon such a vote can the district board act, and then only to the extent of the tax voted. And this brings us to the second question, and that is, whether the fact of such a vote is a matter for the plaintiff to prove, or the want of it a defense for the defendant to establish. We quote from the brief of defendant in error:

"Let it be noticed that it is not claimed that, upon certain conditions and under certain circumstances, the school-district officers could not bind the district by the execution of such a paper as is here sued upon, but only that these conditions and circumstances did not exist; that is to say, that the school-district meeting had not been held.

"Now, it being admitted that the officers had the power to make the purchase and execute the paper sued on in this action, it was wholly a matter of defense for the district to allege and prove that the conditions and circumstances under which the power to purchase would ordinarily exist did not in fact exist in this instance. That is to say, even if there should have been a school-district meeting, (and there was not one,) still, if the district relied upon that as a defense, it should have alleged and proved it."

In this we think the learned counsel are mistaken. The contract was not within the ordinary powers of the district board. It was a power which could arise only from express grant by the principal, the district. In such a case, the act of the agent is not evidence of the fact of the grant. It devolves upon him who claims that the district is bound by the acts of the board, to show the authority of the latter to act. In some cases, the statute alone grants the power. In those cases, proving the act of the board establishes the claim against the district. In other cases, a vote must combine with the statute before the power is created; and then, mere proof of the act does not prove the vote or establish the power. This is in accord with the settled law of agency. The denial of the applicability of these rules to negotiable municipal bonds in the hands of *bona fide* holders, has been the point around which has raged much of the fierce controversy concerning such bonds. We conclude, therefore, that

the fact of a vote was for the plaintiff to prove, and that the making of the contract was not evidence of a power in the board to make it.

For this error, the judgment of the district court must be reversed, and the case remanded with instructions to grant a new trial.

All the Justices concurring.