## SALAMANCA TOWNSHIP v. THE JASPER COUNTY, MO., BANK.

TOWNSHIP WARRANT, *When Invalid*; *Ultra Vires.* C., the president of a railroad corporation, of his own accord, and without any previous contract with a township, caused to be printed certain blanks suitable to be used by said township in issuing bonds to said corporation. No authority existed to issue bonds to said corporation, and no such authority was anticipated or expected. C., having full knowledge of this lack of authority, approached the officers of said township and induced them to receive the blanks, and also to sign and issue said bonds, paying them fifty dollars for their services, and also at the same time induced them to issue to him a township warrant for the cost of printing said blanks. *Held*, That no action could be maintained upon said warrant, either by C. or a party to whom he had transferred it.

### *Error from Cherokee District Court.*

AT the April Term, 1879, of the district court, the *Jasper Co. Bank*, of Missouri, as plaintiff, had judgment against the said *Salamanca Township*, as defendant, which brings the case to this court for review. The facts are fully stated in the opinion.

*T. P. Anderson*, for plaintiff in error.
*John N. Ritter*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action on two township warrants issued by the trustee and clerk to L. P. Cunningham, and by him indorsed. Judgment was rendered in favor of the plaintiff upon one, and against it upon the other warrant. To reverse such judgment, the township brings error. The case was tried by the court without a jury, and special findings of fact were made. These findings show that the one order was issued for blank lithograph bonds of the township, suitable to be used in issuing bonds to the amount of $75,000, to the M. C. & N. W. Rly. Co., and the other for moneys advanced by said Cunningham to said trustee and clerk, as pay for their services in signing said bonds.

Judgment was rendered against the township upon the first, and its validity is alone in question. The findings further show, that an election was held November 7, 1871, on the question of voting bonds to the extent of $75,000 to the State Line, Oswego & Southern Kansas Railway Company, and that no other railroad bond election was ever held; that on June 1, 1872, said S. L. O. & S. K. Rly. Co. consolidated with a corporation organized under the laws of the state of Missouri, and formed a new corporation known as the M. C. & N. W. Rly. Co.; that said Cunningham was president of this new corporation; that said Cunningham knew that. no other railroad-bond election had been held, and that the township had never to exceed $141,000 of taxable property; that on September 13, 1872, said Cunningham urged and induced said trustee and clerk to sign and issue said bonds, and paid them fifty dollars for such services; that without any previous arrangement therefor, he presented the lithograph blanks and agreed to furnish them at cost, and said trustee and clerk accepted the proposition, and signed and issued the orders. Was the township liable for the cost of the bonds?

Two propositions may be considered as already settled, and beyond dispute: First, that the warrant being non-negotiable, any defense good against Cunningham, the payee, may be made against the present holder. (*Perkins v. School District*, 21 Kas. 536; Dillon on Municipal Corp., § 406.) Second, that the grant of authority to subscribe stock in one corporation and issue bonds in payment thereof, is no grant of authority to subscribe stock and issue bonds in payment thereof in a new corporation into which the former is consolidated. (*The State, ex. rel., v. Comm'rs of Nemaha Co.*, 10 Kas. 569.) Here, moreover, the findings do not show any authority to issue bonds to any corporation, for it does not appear what was the result of the election on November 7, 1871.

Further, the question is not presented in this case whether a township may bind itself by a contract for printing blanks in anticipation of an election, or upon an expectation of the

grant of authority to issue bonds. And it will be noticed that these blanks are not shown to have been suitable for issue to any corporation, so that they might be of general use to the township, but suitable simply for issue to the railroad corporation named. Their value therefore depended solely on the power of the township to issue such bonds. The question is, whether, when no authority exists to issue bonds, and without anticipation of any, and without any previous contract for printing blanks, a party can tender blanks to a township, and by payment of money to them for their services, obtain the signatures of the township officers to such bonds, and a township warrant for the cost of the blanks, and then enforce the payment of such warrant. Such question, we think, must be answered in the negative. The whole transaction was *ultra vires.* And it must be taken as a single and entire transaction. A single act may be within the general powers of a municipal or *quasi* municipal body, (and we express no opinion as to the general powers of a township to purchase blanks for bonds, warrants or other evidences of indebtedness,) but when that act is but part and parcel of a larger transaction, and in aid and furtherance of that, and such transaction is, as a whole, beyond the powers of the body, and a fraud upon such body and its taxpayers, the vice of the whole will vitiate each part thereof, and all must fail. These blanks were tendered to and accepted and used by the township officers for but a single purpose, and that purpose was a wrongful one, and known to the party who tendered the blanks and received the warrant. In such a case the law will not be critical, and search out some excuse for awarding compensation for some minor service rendered in furtherance of that which, as a whole, is tainted and vicious.

Upon the findings we think no cause of action is shown, and the judgment will be reversed, and the case remanded with instructions to enter judgment upon the findings for costs in favor of the defendant, plaintiff in error.

All the Justices concurring.