## HANNON, *Executor, v.* SOMMER.

*(United States Circuit Court, District of Kansas, June, 1881.)*

1. HOMESTEAD—ALIENATION—RIGHTS OF WIFE—MORTGAGE. Under the constitution and statutes of Kansas, the homestead cannot be alienated without the joint consent of husband and wife, when that relation exists, and a mortgage executed by the one without the concurrence of the other is void.

2. SAME—MORTGAGE BY HUSBAND AFTER DEATH OF THE WIFE—RIGHTS OF MINOR CHILDREN. The minor children have the right to use and occupy the homestead after the death of one of the parents, and this

right cannot be interfered with by a mortgagee who claims under a mortgage executed by the husband and father; but, subject to this right in the minor children, the husband may, after the death of the wife, execute a valid mortgage upon the undivided half of the property occupied as a homestead, and the title to which was vested in the wife at the time of her death. Under the statute of Kansas, the husband inherits one-half of the estate of which the wife dies seized.

3. SAME—RIGHT OF FORECLOSURE. After default, the mortgagee is entitled to a foreclosure of the mortgage upon the undivided half of the homestead, and to have a decree for a sale of the same, subject, however, to the right of occupancy of the whole of the premises by the minor children, whose rights are not to be affected by the mortgage, decree or sale.

This is a bill to foreclose a mortgage executed by respondent to Ambrose L. Van Dusen, who has since deceased. The property mortgaged (160 acres of land), was, at the time of the execution of the mortgage, and for a long time prior thereto, occupied as a homestead by respondent and his minor children. The wife of respondent died in May, 1876, seized in fee of the premises, and being then, with her husband and children, in possession and occupying the same as a homestead. By the law of this State, the title passed at the death of the wife, by descent, to the respondent and his children, one undivided half to him and the same to them jointly. The mortgage sued on was executed by respondent on the 1st of January, 1876, over a year after the death of the wife, and after he had acquired title to the undivided half of the property by inheritance from her.

There are a number of minor children in possession of the property, but they are not made parties to this suit. The case was heard before Judge Dillon at the June term, 1879, but not decided, the Judge directing a re-argument upon the following questions;

*First*—Is the mortgage void because the husband had no power to execute it?

*Second*—If so, is the plaintiff entitled to a decree of foreclosure while the husband remains unmarried and the children are minors?

This re-argument has now been had.

McCRARY, Circuit Judge.

The constitution of the State of Kansas provides as follows: (Art. 15, Sec. 9.)

"A homestead to the extent of 160 acres of farming land, or of one acre within the limits of an incorporated town or city,

occupied as residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale, under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon, provided the provisions of this section shall not apply to any process of law obtained by virtue of a lien given by consent of both husband and wife."

Substantially the same provision is embodied in the statutes of Kansas, Chap. 38, Sec. 1.

It is, of course, very clear that, under these provisions, the homestead cannot be alienated without the joint consent of husband and wife, when that relation exists, and a mortgage executed by the one without the consent of the other would be void; but the question here is, whether a mortgage upon such homestead is equally void if executed by the husband alone after the death of the wife. That the minor children have a right to the use and occupancy of the homestead, and that this right cannot be interfered with by the mortgagee, or anyone claiming under him, whether through a foreclosure sale or otherwise, seems to be conceded. The only question is as to the right of complainant to a decree for the sale of the undivided half of the premises, subject to the right of the minor heirs to the use and occupancy of the premises, whatever the extent of that right may be.

It is the settled law of Kansas that the homestead may be alienated by the joint deed of husband and wife; and also, that in the case of the death of either, the survivor may subsequently alienate his or her interest, subject to the right of occupancy of the premises as a homestead by any members of the family entitled to such occupancy, and not joining in the conveyance. *Dayton* v. *Donart*, 22 Kan., 256; *Catton* v. *Talley*, 22 Kan., 698.

The respondent, therefore, might have sold, by deed absolute and unconditional, all his interest in the premises at the time he executed the mortgage, and the sale would have been valid, as against all the world, except the children, whose right under the homestead law would have remained the same precisely as if no sale had been made. It is well settled as a general rule that any

35

interest in lands which is the subject of contract or sale may be mortgaged. 2 Story Eq. Jur., Sec. 1021 ; *Miller* v. *Lepton*, 6 Blackf. (Ind.), 238.

But it is insisted by counsel for respondent that the constitutional provision above quoted constitutes an exception to the general doctrine on this subject, because it declares that the homestead " occupied as a residence by the family of the owner, together with all of the improvements on the same, shall be exempted from forced sale under any process of law," except for taxes, for purchase money, or by virtue of a lien given by the consent of both husband and wife. This clause must be construed in connection with the remainder of the sentence, which declares that the homestead "shall not be alienated without the joint consent of both husband and wife, when that relation exists." This provision necessarily implies that the homestead may be alienated by its owner if the relation of husband and wife does not exist ; and if it can be alienated absolutely, it can be mortgaged.

If it can be mortgaged, the mortgage can be foreclosed, and the equity of the mortgagor, whatever it is, may be sold. The constitutional provision was intended to protect the right of the wife and children in the homestead by exempting it from sale for debt, and requiring a sale or mortgage to be made by both husband and wife, when that relation exists. It did not provide for the case of a homestead held by a husband after the wife's death. The words " forced sale," employed in the above provision of the constitution, should, we think, be held to mean sales upon execution or other process for the collection of the ordinary debts of the owner, and not to a sale made for the enforcement of a mortgage which the owner had the right to execute, and which the holder has the right to foreclose. This construction preserves all the homestead rights of the heirs. It would be no advantage to them to require complainant to wait for his decree until their right of occupancy and use has ceased ; nor can it do any harm to sell at once the interest of the mortgagor, subject to their rights. The purpose of the constitutional provision—to protect the homestead rights of the family—is accomplished by such a decree.

Our conclusions are—

*First*—That the mortgage is not void, because the husband had no power to execute it.

*Second*—That it is a valid lien on his undivided half, subject to the right of occupancy and use of the whole by the heirs.

*Third*—That complainant is entitled to a decree of foreclosure upon the interest of the respondent, subject to the homestead rights of the heirs, whatever those rights may be; and we do not now undertake to define or limit them; that can be properly done only in a proceeding to which they are parties.

Decree accordingly.

FOSTER, District Judge, concurs.

*Mahan & Burton*, for complainant.
*Hoffman & Pierce*, for respondent.